PEDRO CASILLAS, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 613. Argued April 23, 1928.—Decided July 28, 1928.

*Harry B. Llenza* for the petitioner. *Sebastián García Díaz* for the plaintiff in the principal action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On February 20, 1928, the Municipal Court of San Juan rendered judgment for the plaintiff in an action of unlawful detainer brought by Justo Brañuelas against Pedro Casillas on the ground of failure to pay the stipulated rent.

On February 25, 1928, the last day of the time allowed by law for appealing, notice of appeal to the District Court of San Juan was filed accompanied by a stipulation which reads as follows:

"That the plaintiff allows the defendant to file his notice of appeal in this case without depositing with the clerk of the court the amount of the overdue rent which gave rise to this action, giving him until February 29, 1928, for depositing the said rent, that being considered by the plaintiff sufficient time for the defendant's attorney to communicate with his client who resides out of the jurisdiction of this court."

It appears from the record that on February 29, 1928, the appellant filed a writing with the clerk of the municipal court

asking him "to receive as a deposit the sum of $293.50, the amount of the overdue rent," which accompanied the writing.

The record was sent up to the district court where a motion was made by the appellee for dismissal of the appeal because the deposit had not been made in favor of the plaintiff and because it was made after the expiration of the statutory period.

After hearing the other party, the district court sustained the motion and consequently dismissed the appeal for the following reasons:

"1.—The first ground is unimportant, because section 12 of the Unlawful Detainer Act requires only that the defendant deposit in the clerk's office the amount of rent due on the date of the judgment when the action of unlawful detainer is based on the non-payment of the stipulated rent, and it is unnecessary to make any tender of payment or state that it is made in favor of the plaintiff because it becomes the property of the latter as soon as it is deposited. Rossy v. Del Valle, 36 P.R.R. 377.

"2.—The second ground is meritorious. Section 12 cited requires that the deposit, as well as the security, shall be made or filed within the time granted for taking an appeal. To allow the security to be given or the deposit to be made after the expiration of the time granted for taking an appeal would amount to allowing the appeal to be perfected outside of the time prescribed by the Unlawful Detainer Act in manifest violation thereof. The statute is mandatory and the time can not be extended either by stipulation of the parties or by order of the court because it is jurisdictional. Valladares v. Municipal Court, 16 P.R.R. 139; Mas v. Borinquen Sugar Co., 17 P.R.R. 923; Silva v. Aboy, Giorgetti & Co., 20 P.R.R. 71; Figueroa v. Sepúlveda, District Judge, 24 P.R.R. 645; Ramírez v. Pérez, 25 P.R.R. 214."

The appellant petitioned this Supreme Court for a writ of certiorari and it was issued. The petitioner stated his case by brief and orally very ably and the question involved has been discussed fully in conference.

In our opinion the law is decisive and admits of no other construction than that given to it by the district court.

This is a special proceeding. Section 11 of the law governing it (Comp. 1911, p. 316) reads:

"Appeals should be taken within a period of five days after the date of the judgment."

Section 12 thereof provides as follows:

"Whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

Not only is the law conclusive, but this court has held on different occasions that the deposit and the security are jurisdictional requisites which should be complied with within the statutory time allowed for appealing and that therefore neither the parties nor the court can extend that time. Tt will be sufficient to quote from *Figueroa et al.* v. *Sepúlveda*, 24 P.R.R. 645, as follows:

"An appeal in an action of unlawful detainer should be interposed within five days from the date of the judgment, and when the action is based on the expiration of the term of the lease it is an indispensable requisite for taking an appeal that security be given to cover damages and the costs of the appeal, which security must be given within the time allowed for taking the appeal.

"A municipal court has no jurisdiction to rule in an action of unlawful detainer that security given for an appeal is null and void, to allow the defendant time to give new security in the proper form and to approve the latter after the expiration of the time within which the security should have been given.

"Section 140 of the Code of Civil Procedure does not authorize any court to change jurisdictional periods."

In *Valladares* v. *Municipal Court*, 16 P.R.R. 139, this court said:

"In order that an appeal may be deemed to have been duly taken in an action of unlawful detainer, it is necessary that a written statement be delivered to the secretary of the court, in which the judgment was rendered, within five days counting from the date of the judgment, to the effect that the appeal is taken; that a like statement be delivered to the opposite party or to his counsel, and that the requirements in regard to deposits or bonds provided for by section 12 of the act governing unlawful-detainer proceedings, approved March 9, 1905, be complied with."

Decisions in other jurisdictions can not prevail against the express provisions of the special law in force in Porto Rico and the constant jurisprudence of this court, however persuasive the reasonings may be and however equitable the purpose underlying them, particularly as these decisions are not unanimous and establish the exception rather than the rule.

The writ must be discharged and the case remanded to the district court for further proceedings.

Mr. Justice Hutchison dissented.